IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------
                                              :
                                              : CASE NO.  1:09 CV 2576
JOHN SYKES,                                   :
                                              :
                            Plaintiff,        : MEMORANDUM OF OPINION AND
                                              : ORDER GRANTING DEFENDANTS'
               -vs-                           : MOTION TO SET ASIDE ENTRY OF
                                              : DEFAULT AND GRANTING
                                              : DEFENDANTS' MOTION FOR LEAVE
UNIVERSAL ENTERPRISES, INC.,                  : TO FILE AN ANSWER
et al,                                        :

                            Defendants.
------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

        The plaintiff John Sykes filed his complaint against the defendants Universal

Enterprises, Inc., ("Universal") and Phillip P. McFadden on 4 November 2009.  (Docket

No. 1).  After the defendants failed to answer, Mr. Sykes requested an entry of default

pursuant to Federal Rule 55(a).  (Docket No. 9).  The clerk entered default on 10

December 2009.  (Docket No. 10).

        Since then, the parties have filed a number of motions.  On 16 December 2009,

the owner of Universal, Ralph Ridenour, filed a *pro se* motion on behalf of the

defendants, seeking to set aside entry of default.  (Docket No. 11).  Two days later, Mr.

Sykes motioned the Court to strike the defendants' *pro se* motion, arguing that under

Ohio law a corporate entity is forbidden from litigating a case *pro se.*  (Docket No. 12).

Also at that time, Mr. Sykes filed a motion for default judgment pursuant to Rule

55(b)(2).  (Docket No. 13).

On 17 December 2009, the defendants sought the assistance of counsel. (Docket No. 14-1, ¶4).  A few days later, on 22 December 2009, the defendants again motioned the Court to set aside entry of default, though this time through their attorney. (Docket No. 14).   In that motion, the defendants also asked the Court for leave to file an answer.  (Docket No. 14).  On 4 January 2010 the defendants notified the Court that plaintiff's counsel does not oppose the defendants' most recent motion to set aside entry of default and allow the defendants to answer.  (Docket No. 14).

### I. Law and Argument

Under the Federal Rules, a court may set aside an entry of default for good cause.  Fed.R.Civ.P. 55(c).  A district court has "considerable latitude under the good cause shown standard" of Rule 55(c) to grant a defendant relief from a default entry. Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).  Trials on the merits are favored.  United Coin Meter Co. v. Seaboard C. R.R., 705 F.2d 839, 846 (6th Cir.1983).

In determining whether good cause exists, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if the entry of default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default.  United Coin, 705 F.2d at 845 (citing Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C.Cir.1980).

The defendants have met the good cause standard of Rule 55(c).  First, Mr. Sykes makes no claim or showing of prejudice, as he does not oppose the defendants' motion.  Second, because the defendants' proposed answer indicates "some possibility

2

that the outcome of the suit after a full trial will be contrary to the result achieved by the default," the defendants have advanced a meritorious defense.  <u>INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.</u>, 815 F.2d 391, 398-99 (6th Cir. 1987).  Lastly, there is no evidence that the defendants' culpable conduct led to the default.   On the contrary, the defendants' motions and Mr. McFadden's affidavit suggest that their failure to file a timely answer was simply a result of inexperience contending with a lawsuit in federal court.  (<u>See</u> Docket Nos. 11, 14, 14-1).  The defendants' decision to retain counsel a mere seven days following entry of default reflects a good faith attempt to comply with the necessity of defending a lawsuit.

### II. Conclusion

For the reasons stated above, the Court grants the defendants' motion to set aside entry of default.  The Court also grants the defendants' motion for leave to file an answer.  All other outstanding motions are denied as moot.

IT IS SO ORDERED.

      /s/ Lesley Wells              
UNITED STATES DISTRICT JUDGE

Date: 12 January 2010  

3